IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

DOROTHY SIMS                                                        PLAINTIFF

VS.                                                  CIVIL ACTION NO.: CI-2021-0028-JE

WAL-MART, INC. D/B/A SAM'S CLUB, INC.;                 DEFENDANTS
AND JOHN AND JANE DOES 1-10

**COMPLAINT**
(Jury Trial Demanded)

1. Plaintiff, Dorothy Sims, by and through her attorney of record, files this Complaint against Defendant Wal-Mart, Inc. d/b/a Sam's Club, Inc., and John and Jane Does 1-10, and in support of this Complaint, Plaintiff would show unto this Honorable Court the following facts and matters, to-wit:

**PARTIES**

2. Plaintiff, Dorothy Sims, is an adult resident of Hinds County, Mississippi, residing at 1746 Hwy 22, Edwards, Mississippi 39066.

3. Defendant, Wal-Mart, Inc. d/b/a Sam's Club, Inc., (hereafter "Sam's Club"), is a foreign corporation conducting business in the State of Mississippi. Process may be served upon said Defendant through its registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure.

4. Defendants, John and Jane Does 1-10, (hereafter "Defendants John and Jane Does 1-10"), are fictitious Defendants, the true identity of each is unknown to Plaintiff, and who are parties herein pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. More specifically, John and Jane Doe(s) Defendants constitute the class of organizations, companies, or individual's unknown to Plaintiff at this time that through their negligence, conspiracy,

1



concealment, or otherwise caused Plaintiff damage or delayed Plaintiff access to judicial relief. Plaintiff reserve the right to amend the Complaint when upon discovery of the true identity of each fictitious Defendant, with service of process to be executed on each party.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the parties and subject matter of this action based on the fact that the amount in controversy exceeds two hundred dollars ($200.00) exclusive of costs and interests, pursuant to Mississippi Code Annotated §9-7-81 (1972).

6. Venue is proper in Madison County, Mississippi, pursuant to Mississippi Code Annotated §11-11-3(1)(a) (1972).

## FACTS

7. On February 10, 2018, Plaintiff was an invitee at Sam's Club located at 257 Grandview Boulevard, Madison, Mississippi 39110.

8. Unbeknownst to Plaintiff, there were unsecured rugs standing upright in a nearby bin on the aisle in which she was shopping.

9. As Plaintiff was walking down the aisle, a rug fell over onto the top of her head. Plaintiff was able to brace herself to keep from falling to the ground.

10. Defendants knew or should have known that the rugs were unsecured and in a dangerous condition.

11. Defendants failed to correct or prevent the condition/hazard of the rugs that caused the incident.

12. Defendants failed to display any warning signs as to the hazardous condition of the rugs.

13. As a result of the incident, Plaintiff suffered injuries to her head, back and body as a whole.

## LOSS OF CONSORTIUM

14. Defendants are liable to Plaintiff for loss of consortium damages.

## CAUSES OF ACTION

### I. Negligence

15. Plaintiff hereby incorporate by reference the allegations contained in the above-mentioned paragraphs.

16. At all times relevant herein, the Defendants owed a duty of care to the public, invitees, businesses, patrons, and Plaintiff in the following ways:

    a. to provide a safe environment for invitees;

    b. to properly inspect and provide a reasonably safe environment;

    c. to warn and alert when dangerous conditions are present or dangerous conduct is to be performed;

    d. to use reasonable due diligence to act in a manner that would prevent harm to invitees, including Plaintiff;

    e. to properly hire and train it's employees to conduct themselves in a manner to prevent harm to invitees, including Plaintiff; and

    f. to implement safety policies, procedures, and practices that would prevent harm to invitees, including Plaintiff, and to follow such safety policies, procedures and practices;

17. Defendants knew, or in the exercise of reasonable care, should have known that Plaintiff would be subject to accident or injury from the condition of the improper security of the rugs.

### II. Negligent Supervision/Training

18. Plaintiff hereby incorporate by reference the allegations contained in the above-mentioned paragraphs.

19. Defendants owed a duty to properly supervise and train all employees, in the scope and course of their employment including instruction and training on the use of reasonable safety precautions and to maintain the premises in a reasonably safe condition.
20. Defendants failed to ensure that its employees followed company safety policies, procedures and practices to prevent the injuries suffered by Plaintiff.
21. Defendants breached its duty by failing to properly instruct personnel to secure the rugs, remove the rugs, and/or to reasonably warn others when such dangerous conditions were present.
22. Defendants owed a duty to properly train and supervise all employees, in the scope and course of their employment, including using reasonable safety precautions and to keep and maintain the premises in a reasonably safe condition.
23. At all relevant times, Defendants John and Jane Doe 1-10, were employees of the Defendant and were acting within the course and scope of their employment.
24. Plaintiff was directly injured by the Defendant's breach of its above-listed duties.
25. Defendants breach of its duty was a direct and proximate cause of the harm suffered by Plaintiff and but for this negligent conduct the harm suffered by Plaintiff would have been avoided.

### III. Negligent Infliction of Emotional Distress

26. Plaintiff hereby incorporate by reference the allegations contained in the above-mentioned paragraphs.
27. Defendants negligent conduct was extreme and outrageous and said outrageous conduct caused Plaintiff severe emotional distress.
28. Defendants was negligent in part because they knew or had reason to know of facts that created a high risk of harm to Plaintiff and negligently proceeded to act in conscious

4

disregard of, or in extreme indifference to, that risk.

29. Defendants conduct was so outrageous in character, and so extreme in nature, as to exceed all possible bounds of decency. Defendants conduct and/or actions proximately caused Plaintiff to suffer severe emotional distress.

## IV. Respondeat Superior

30. Plaintiff hereby incorporate by reference the allegations contained in the above-mentioned paragraphs.

31. At all relevant times, all its employees/agents, including Defendants John and Jane Doe 1-10, were performing work which benefited Defendant.

32. Defendants John and Jane Doe 1-10 were at all relevant times acting within the scope and course of their duties as employees of Defendant.

33. Based on the facts and circumstances then and there existing, Defendant is vicariously liable for the negligent conduct of its employees.

## DAMAGES

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment from Defendants and request this Honorable Court to grant relief as follows:

1. Economic and non-economic damages in an amount provided by law and to be supported by evidence at trial;

2. Compensatory damages for emotional and mental anguish, and loss of enjoyment of life in an amount to be determined at trial;

3. Pre-judgment and post-judgment interest;

4. Reasonable attorney's fees, litigation expenses, expert witness fees, and cost of this litigation, together with all costs of court; and

5. Any other relief to which Plaintiff may justly and properly be entitled, all within

5

the jurisdictional limits of this Court.

Respectfully Submitted,

Dorothy Sims, Plaintiff

BY: Ray L. Gustavis

**ATTORNEYS FOR PLAINTIFFS:**

Ray L. Gustavis (MBS #105344)
Darryl M. Gibbs (MSB #100232)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Phone: (601) 948-8005
Fax:    (601) 948-8010
rugstavis@cglawms.com
dgibbs@cglawms.com

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Madison County

DOROTHY SIMS VS WAL-MART INC

Case # CI-2021-0028        Acct #          Paid By CHECK 29364        Rct#  90974

| | |
|---|---:|
| CV CLERK'S FEE | 85.00 |
| CV LAW LIBRARY | 2.50 |
| CV COURT REPORTER TAX | 10.00 |
| CV COURT EDUCATION | 2.00 |
| CV COURT ADMINISTRATOR | 2.00 |
| CV CIVIL LEGAL ASSISTANCE FUND | 5.00 |
| CV COMPREHENSIVE ELECTRONIC CT | 10.00 |
| CV JURY TAX | 3.00 |
| CV CONSTITUENTS FE | .50 |
| CV RECORDS MANAGEMENT PROGRAM | 1.00 |
| CV-JUDICIAL SYS OPERATION FUND | 40.00 |

Total    $    161.00

Payment received from CHHABRA & GIBBS

Transaction   94820 Received  2/ 2/2021 at 14:48 Drawer   1 I.D. FMM
Current Balance Due          $0.00
                                                Receipt Amount $    161.00

By _____D.C.   ANITA WRAY, Circuit Clerk

Case # CI-2021-0028        Acct #          Paid By CHECK 29364        Rct#  90974

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court  
Administrative Office of Courts  
Form AOC/01 (Rev 2016)

**Court Identification**

| County # | Judicial District | Court ID (CH, CI, CO) | Case Year | Docket Number |
|---|---|---|---|---|
| 45 | 1 | CI | 2021 | 00028 |

Month / Date / Year: 02 / 02 / 21

Local Docket ID: 11A

*This area to be completed by clerk*

Case Number if filed prior to 1/1/94: _____

In the **Circuit** Court of **Madison** County — ____ Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff** - Party Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: Last Name **SIMS**  First Name **DOROTHY**  Maiden Name: ___  M.I. ___  Jr/Sr/III/IV ___

___ Check (x) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:  
Estate of _____

___ Check (x) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:  
D/B/A or Agency _____

Business: _____  
___ Check (x) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:  
D/B/A _____

Address of Plaintiff: **1746 Hwy 22, Edwards, MS 39066**

Attorney (Name & Address): **Ray L. Gustavis, 120 North Congress St. Ste. 200, Jackson, MS 39201**   MS Bar No. **105344**

___ Check (x) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: **R. Gustavis**

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual: Last Name ___  First Name ___  Maiden Name ___  M.I. ___  Jr/Sr/III/IV ___

___ Check (x) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:  
Estate of _____

___ Check (x) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:  
D/B/A or Agency _____

Business: **Wal-Mart, Inc.**

[X] Check (x) if Business Defendant is acting in the name of an entity other than the above, and enter below:  
D/B/A **Sam's Club, Inc.**   MS Bar No. ___

Attorney (Name & Address) - If Known: _____

___ Check (x) if child support is contemplated as an issue in this suit.*  
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce: Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other _____

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other _____

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other _____

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)
- [ ] Other _____

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other _____

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other _____

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other _____

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other _____

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other _____

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [X] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other _____